Lucille Barber, Administratrix of the Estate of Frank G. Barber, Deceased, Plaintiff-Appellant, v. Nyle E. Finch and Lyle E. Finch, d/b/a N. E. Finch Trucking, Inc., Defendants-Appellees.

### Gen. No. 11,568.

Second District, Second Division.

April 27, 1962.

Rehearing denied June 18, 1962.

Cassidy & Cassidy, and Sidney D. Davidson, of Peoria, for appellant.

Heyl, Royster Voelker, of Peoria, for appellee.

SPIVEY, P. J.

The plaintiff administrator brought this action in the Circuit Court of Peoria County for damages for the alleged wrongful death of Frank G. Barber. A verdict in favor of the defendants was returned by the jury, plaintiff's post trial motion was denied by the Court, and the Court entered a final judgment in favor of the defendants. Plaintiff appeals from this judgment.

On May 20, 1957, plaintiff's intestate, Frank G. Barber, was employed by the Peoria Water Works Co., as a laborer. The company was installing a water main in Limestone Township in Peoria County along what is known as Middle Road. The decedent was helping to place heavy lengths of cast iron pipe along the north side of Middle Road in preparation for the excavation and actual laying of the main. According to the evidence, the pipe was twelve inches in diameter and eighteen feet in length and weighed well over 1000 pounds by the most conservative testimony.

Pipe was hauled from a railroad siding on a semi-trailer. From the trailer the pipe was lifted by means of a mobile crane. The operator of the crane, with the assistance of the decedent and another laborer, lowered the pipe into position for use in the water main. The decedent was pushing and guiding a length of pipe at the time of his injury.

Along and parallel with the north side of the Middle Road and twenty to thirty feet above the road were electric power lines carrying 2400 volts. While placing a length of pipe, the cable on the crane either touched or came so close to the power lines as to cause the current to be conducted through the cable and the pipe and electrocute plaintiff's intestate.

Plaintiff brought this action against Nyle E. Finch and Lyle E. Finch, d/b/a N. E. Finch Trucking, who

were the owners of the crane. She also sued Forrest Sanders, the operator of the crane, but the operator was dismissed before trial of the cause was commenced.

If we may categorize or generalize, plaintiff's complaint was in the usual style. However, in defendants' answer, they pleaded an affirmative defense alleging that Forrest Sanders, the operator of the crane was a loaned employee of the Peoria Water Works Company, and contended, therefore, that no cause of action accrued to the plaintiff. Plaintiff filed a reply and denied the allegations of the affirmative defense.

From the view that we take of this case, it will not be necessary to review the evidence relating to the "loaned employee" defense. We need not state more than that there was evidence which would have raised a question of fact to be determined by the jury on the issue of the defense. Gundich v. Emerson-Comstock Co., 21 Ill2d 117, 171 NE2d 60.

As grounds for plaintiff's request for a new trial, plaintiff contends that the court erred in instructing the jury and that the verdict is contrary to the manifest weight of the evidence.

In order to pass upon the claimed errors in the instructions, it will be necessary to consider other instructions than those said to be erroneous.

Defendants' instruction number ten, which was given without objection provided as follows:

"The Court instructs the jury that one of the issues in this case is whether or not at the time of the occurrence in question FORREST SANDERS was acting as the employee of PEORIA WATER WORKS CO., a corporation, or the employee of NYLE E. FINCH and LYLE E. FINCH, d/b/a N. E. FINCH TRUCKING.

"The Court instructs the jury that an employee may become what is known in law as a 'loaned employee.' The test in determining whether or not the workman in the performance of the special

work for which he is loaned becomes the employee of the person to whom he is loaned, is whether or not he becomes for the time being wholly subject to the control and direction of the person to whom he is loaned for the special purpose performed and wholly free for the temporary period from the right of direction of the original master.

"The Court further instructs the jury that if you find from the preponderance of the evidence in this case that FORREST SANDERS at the time of the occurrence complained of was wholly subject to the control and direction of the PEORIA WATER WORKS CO., a corporation, and wholly free during the period in which the occurrence complained of occurred from the right of direction and control of NYLE E. FINCH and LYLE E. FINCH, d/b/a N. E. FINCH TRUCKING, then FORREST SANDERS was a loaned employee of the PEORIA WATER WORKS CO., a corporation, and there can be no recovery by the plaintiff against the defendant NYLE E. FINCH and LYLE E. FINCH, d/b/a N. E. FINCH TRUCKING."

Plaintiff objected but the Court gave defendants' instruction nine which provided:

"The Court instructs the jury that the plaintiff is required by law to prove her case by a preponderance of the evidence before she can recover. If the plaintiff in this suit has not so proven her case, or if the evidence is evenly balanced so that the jury are unable to say on which side is the preponderance, or if the preponderance of the evidence is in favor of the defendant, then, in either of these cases, the verdict should be not guilty."

It was plaintiff's contention in her objection that instruction number nine would mislead the jury and

cause the jury to believe that plaintiff had the burden of proving the affirmative defense alleged by the defendants.

The Court, over objection, also gave defendants' instruction number eleven, which instructed the jury in the following language:

> "The Court instructs the jury that the burden of proof is not upon the defendant to show they are not guilty, but the burden is on the plaintiff to prove that the defendants are guilty of negligence and also to prove that the plaintiff's decedent was in the exercise of ordinary care for his own safety just before and at the time of the occurrence complained of, and this rule as to the burden of proof is binding in law, and must govern the jury in the deciding of the case. The jury have no right to disregard this rule or adopt any other in lieu thereof."

Plaintiff again contended that the instruction would tend to confuse the jury and cause them to conclude that plaintiff assumed the burden of proving the affirmative defense.

The last instruction complained of by the plaintiff and given for the defendant by the Court was instruction number twenty which provided:

> "The Court instructs the jury that the plaintiff in this case cannot recover against the defendants, NYLE E. FINCH and LYLE E. FINCH, d/b/a N. E. FINCH TRUCKING, unless the jury believes that the plaintiff has proved by a preponderance of the evidence each of the following propositions:
>
> "First, that at the time of the occurrence complained of, FORREST SANDERS was acting as

271

the agent and servant of NYLE E. FINCH and LYLE E. FINCH, d/b/a N. E. FINCH TRUCKING.

"Second, that the plaintiff's decedent was exercising ordinary care for his own safety at and just prior to the time of the accident in question.

"Third, that the defendants were guilty of negligence through an act or acts on the part of FORREST SANDERS.

"Fourth, that such negligence was the proximate and direct cause of the death of plaintiff's decedent.

"And if you find from the evidence that the plaintiff has failed to so prove these propositions as stated, or that she has failed to prove any one of them, she cannot recover against the defendants and you should find the defendants not guilty."

Plaintiff again contended that the instruction was erroneous for the reason that the instruction failed to refer to the issue of the affirmative defense and failed to inform the jury that the burden was upon the defendant to prove the defense. Plaintiff also objected because it was repetitive of instruction number 11 which had instructed again on the issue of the burden of proof as to contributory negligence and negligence.

Defendant contends that the jury was properly instructed on the plaintiff's burden of proof and urges that if the plaintiff desired to have the jury instructed on defendants' burden with respect to the affirmative defense, it was plaintiff's obligation to submit such an instruction. This position cannot be supported.

The Supreme Court in Mooney v. Chicago, 239 Ill 414, 88 NE 194, stated, "It is error to give an instruction ignoring matter of defense which there is evidence fairly tending to prove." Of course, the facts of that case are different from the instant case in that the

272

plaintiff there recovered a verdict and defendant appealed, whereas in this case the defendant was successful. Defendant here could urge that he would be the only one to complain of the failure of the inadequacy of the instruction.

However, in the Mooney case the court did not hold that defendant by failing to tender the affirmative defense issue instruction could not now complain of the omission. Rather, the Court stated the omission was error.

To the same effect is the case of Walton v. Greenberg Mercantile Corp., 1 Ill App2d 99, 116 NE2d 197, a case from the Fourth District in which the Court said, "In addition to the objectionable features outlined above the instruction was defective in that it entirely omitted reference to affirmative defenses, . . . ."

■■ In our judgment a fair and complete single instruction on the issues is desired and the same is true for the instruction on the burden of proof. The purpose of the instruction is to inform the jury as fairly and clearly as possible of their duties as the trier of the fact. Their obligation should not be enlarged or complicated by several issues instructions and several burden instructions.

■ We are influenced by the format of the I. P. I. instructions on the issues and the burden of proof. We are compelled by what we consider to be clear precedent which requires an issues or a burden instruction to fully and fairly inform the jury of all of the issues or the diverse burdens, if such there are.

■ We cannot say that the instructions were prepared to create the impression that plaintiff had the burden of proving defendants' affirmative defense but this may well have been the result. In defendants' instruction number ten the jury was told that one of the issues was the "loaned employee" question. Instruction

273

number nine told the jury that the burden was upon the plaintiff to prove her case. Nowhere was the jury told that the burden to prove the "loaned employee" issue was on the defendant. With the record in this condition we cannot say that the jury was not misled.

In the instant case, three of the four instructions referred to in this case were peremptory. This fact is all the more compelling. In view of the sufficient objection to the instructions complained of, we hold that the giving of defendants' instructions number eleven and twenty was erroneous and that the cause must be reversed and remanded.

Defendants' instruction number nine has been criticized by some courts and defended by others. It would seem to have sustained a mortal blow by the comments of the committee formulating I. P. I. instructions. This opinion should not be interpreted as approving this old troublemaker. In view of our decision with reference to defendants' instructions eleven and twenty, we need not discuss defendants' instruction number ten. Under I. P. I. it will not again be given.

It is therefore ordered that the judgment of the Court on the verdict of the jury is reversed and the cause is remanded to the Circuit Court of Peoria County for a new trial.

Reversed and remanded.

CROW and WRIGHT, JJ., concur.