Jody Osmon, a Minor, by Earl J. Osmon, Her Father
and Next Friend, and Earl J. Osmon, Individually,
Plaintiffs-Appellants, v. Bellon Construction Com-
pany, Inc., a Corporation, and Raymond A. Bellon,
Defendants-Appellees.

Gen. No. 64–53.

Second District.

November 17, 1964.

Eckert, Caldwell, Gleason & Berner, of Woodstock, and Jerome H. Torshen, of Chicago (William I. Caldwell and Jerome H. Torshen, of counsel), for appellants.

Maynard & Maynard, of Rockford (James F. Maynard, of counsel), for appellees.

SCHEINEMAN, J.

Jody Osmon, a child under 10 years of age, was injured while riding a bicycle when a collision occurred with a car driven by the defendant, Raymond A. Bellon, for Bellon Construction Co., Inc. She brought suit by her father as next friend, who also included a count for himself for medical expenses. The jury returned a verdict in favor of the defendants.

On this appeal plaintiffs contend the verdict was against the manifest weight of the evidence and that the court gave repetitious and incorrect instructions requested by the defense.

The facts present typical jury questions, and an opposite conclusion from that of the jury is not plainly evident so as to warrant a reversal on that ground. Therefore, we express no opinion as to what should have been the verdict, but the other errors assigned require the judgment be reversed.

At the conference on instructions, the defense tendered an instruction on burden of proof that placed on the plaintiff, Jody Osmon, the burden of proving:

"First that the plaintiff, Jody Osmon, before and at the time of the occurrence, was using ordinary care for her own safety . . . ."

Another instruction required that her father prove the same thing as to Jody Osmon. The defense admitted that these instructions were incorrect as to the minor plaintiff and asked leave to substitute the proper

form. Leave was given and thereafter instructions were tendered in the following form:

"First, that the plaintiff, Jody Osmon, before and at the time of the occurrence, was using that degree of care and caution for her own safety which ordinarily would be used by reasonably careful children of the same age, mental capacity, and experience of the plaintiff under similar circumstances . . . ."

Unfortunately, the incorrect forms of instruction were not withdrawn. The judge and defense counsel each thought the other had pulled them out. As a result the court read all 4 instructions placing the burden of proof on plaintiffs as to the care of Jody Osmon.

In our opinion the reading of all 4 of the instructions was not only repetitious but highly likely to be confusing to the jury. Although the instructions originally tendered were erroneous standing by themselves, they could probably be sustained in view of the giving of another instruction which defined the degree of care of a child in terms substantially the same as those in the revised instructions. However, the reading of both forms of instruction would quite likely puzzle the jurors.

After the instructions had been read and the jury had retired, the attorneys called the judge's attention to the fact that both forms of instruction had been read to the jury. The judge then stated that he would withdraw the two tendered originally, but plaintiffs' counsel pointed out they had been read, and this fact should appear in the record. Accordingly, the judge wrote on the bottom of these original instructions "read to jury and then withdrawn by court." These two instructions were detached from the others and were not sent to the jury room.

■ The defense argues that these instructions should not be regarded as given, since they were not sent to the jury room. This contention cannot be sustained. The law requires that the instructions be read to the jury by the court, and the jurors are expected to give their attention to the reading and not turn a deaf ear.

■ The next question is: What should the court have done? If the court informed the jury these instructions were withdrawn, would this violate the restriction prohibiting the judge from qualifying, modifying, or in any way explaining the instructions to the jury, otherwise than in writing? It is settled law in this state of long standing that it is not error to recall and withdraw an erroneous instruction, and to inform the jury of this action, and a number of cases specifically hold this is the only correct way to remove the error.

In Chicago & E. I. R. Co. v. Zapp, 209 Ill 339, 70 NE 623, after reading an erroneous instruction to the jury, the court then said to the jury "I wish to modify that instruction; I will not give that instruction, gentlemen of the jury." The court then changed the mark on the instruction from "given" to "refused," and it was not allowed to go to the jury. On review the Supreme Court held:

> "It would be absurd to say that if the court, when reading a series of instructions to the jury, discovers, after reading one of them that had been marked "given", that it is erroneous and would mislead the jury, he cannot orally state to the jury that such instruction is withdrawn, but that he must allow the instruction as written, to go to the jury, and withdraw it by delivering with it a written order for its withdrawal or a written instruction not to consider it."

This case was followed by the Appellate Court in Bochat v. Knisely, 144 Ill App 551, in which the court had read the instructions and, as the jury was about to retire, the court called them back and informed them that one instruction he had given was incorrect. He then read it to them and stated that he was withdrawing it, that they should give it no consideration whatever, considering it as if it had not been given and that they had not heard it at all. The Appellate Court held this procedure was correct. A similar result was reached in Skulimowski v. Deahl & Deahl, 169 Ill App 355.

Other authorities hold it is mandatory to inform the jury of the withdrawal of the instruction which has been read to them. Morean v. Pennsylvania R. Co., 166 F2d 543; Seaboard Air Line R. Co. v. Bailey, 190 F2d 812. And in 89 CJS, Trial, Section 448, the general ruling is stated "Both a withdrawal of the erroneous charge and the giving of a correct charge have been held necessary to correct the error in some cases. The withdrawal must be express and unqualified and in language so explicit as to preclude the inference that the jury might have been influenced by the erroneous instruction."

■ ■ Because of the failure of the court to make it clear to the jury that he was withdrawing certain instructions, it becomes necessary to reverse the judgment and remand for a new trial. We are also of the opinion that the repetitious instructions on burden of proof constitute reversible error. As stated in Barber v. Finch, 35 Ill App2d 267, 182 NE2d 895: "In our judgment a fair and complete single instruction on the issues is desired and the same is true for the instruction on the burden of proof."

It becomes unnecessary for this opinion to discuss alleged errors in other instructions, but we call atten-

tion to a doubt which may arise as to one of them, there being a question as to its use stated in a note accompanying IPI No 10.06.

■ The defense contends plaintiffs' counsel did not make sufficient objections to preserve these questions on review. Since the principal plaintiff was a minor, the court has a duty to see that the rights of an infant are adequately protected, and is bound to notice substantial irregularities even though objections are not properly presented on its behalf. McReynolds v. Miller, 372 Ill 151, 22 NE2d 951; Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564; Giles v. Keunnen, 50 Ill App2d 389, 200 NE2d 143.

Reversed and remanded.

CULBERTSON, P. J. and ROETH, J., concur.