JERRY L. BRIONES, Plaintiff-Appellant, v. MOBIL OIL CORPORATION *et al.*, Defendants-Appellees.

Third District   No. 3—86—0073

Opinion filed November 25, 1986.

Rudman & Sabuco, of Joliet (Roy A. Sabuco, of counsel), for appellant.

J. Barrett Long, of Thomas, Wallace, Feehan, Baron & Kaplan, Ltd., of Joliet (Kathleen E. Kiernan and Michael Gahan, of counsel), for appellees Jerry Cohen and Leslie Cohen.

Ann W. Regan and Kathleen E. Kiernan, both of Wildman, Harrold, Allen & Dixon, of Chicago, and Norman C. Alt, of Mobil Chemical Corporation, of Stamford, Connecticut, for Mobil Oil Corporation.

JUSTICE HEIPLE delivered the opinion of the court:

This appeal arises from a summary judgment entered against the plaintiff, a volunteer fireman, who sustained injuries while fighting a fire at the Mobil chemical complex in Joliet. The defendants are Mobil Oil Corporation (Mobil), the owner of the premises, and Aaron Equipment Company International Corporation (Aaron), an equipment-salvage company.

Mobil's chemical complex was under demolition, and the vessels and reactors that were being removed by Aaron left large, exposed holes in the floor. On January 16, 1983, a fire was caused by sparks from a cutting torch used in the removal of other equipment in the building. The Channahon Fire Protection District was summoned to the scene, and assistant fire chief Kurt Boggs was the first commanding officer to arrive. Assistant chief Boggs obtained information as to the location of the fire from an unidentified person at the Mobil plant. That person also advised Boggs that the Mobil Complex was under demolition and that there were holes in the floor. Boggs testified that the information about the holes was significant to him because he did not want anyone to get hurt and that he made those fire fighters under his command aware of the holes.

The plaintiff was a volunteer member of the Channahon Fire

Protection District. When the plaintiff arrived at the scene, he was given instructions to locate the source of the fire from fire chief Paul Lukavich, who had taken over as commanding officer. The plaintiff testified that he was never informed about the holes. The plaintiff sited the fire on the third floor of the Mobil complex and radioed the fire chief to send up a fire hose. He then explained to those fire fighters who actually work the hose where the fire was located, and they proceeded to extinguish it. Meanwhile, the plaintiff searched for other sources of fire. When he did not find any, he returned to the room where the fire had been located. As he walked into the room, he was looking up to see if there was any fire above him and fell into one of the holes created by the demolition process. Two firemen that had put out the fire were standing on the other side of the hole that the plaintiff fell into. They observed the plaintiff walking toward the hole, realized that he did not see it, and saw him fall into it.

The plaintiff brought suit against both Mobil and Aaron, in four counts each, alleging negligence, negligence based on *res ipsa loquitur*, violation of the Structural Work Act (Act) (Ill. Rev. Stat. 1983, ch. 48, par. 60), and wilful and wanton misconduct for the recovery of punitive damages. The trial court granted the defendants' motions for summary judgment as to all counts. This appeal follows. We affirm.

■ The basis of the negligence allegation rests upon the theory that Mobil and Aaron failed to warn the plaintiff of the holes in the floor. Illinois has adopted the view that a fireman coming onto premises to perform his duties is an invitee. Thus, the landowner has the duty to use reasonable care to protect the fireman against dangerous conditions constituting an unreasonable risk of harm which the landowner should expect the invitee will not discover or realize or will fail to protect himself against. (*Fancil v. Q. S. E. Foods, Inc.* (1975), 60 Ill. 2d 553.) The purpose of a warning is to appraise a person of the existence of a danger of which he is not aware. Hence, there is no duty to warn against risks which are known or obvious. *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80.

■ Plaintiff's complaint did not allege that the holes were somehow hidden or concealed from him. According to the plaintiff's deposition testimony, the hole that he fell into was 12 feet in diameter and visibility in the room was 30 feet. Keith Corbin, one of the fire fighters that saw the plaintiff fall into the hole, described the hole as 15 to 20 feet in diameter and stated that he could see across

the room, which was approximately 30 feet wide. Assistant fire chief Kurt Boggs was in the room immediately before the plaintiff fell, and he testified that the hole was 20 to 25 feet wide and that he could see 15 feet in front of himself. It is common knowledge that an open hole is dangerous. Under these conditions, it was reasonable to expect that the plaintiff would discover the hole, appreciate its dangerousness, and take measures to avoid hurting himself. Therefore, the defendants had no legal duty to warn the plaintiff of the open hole, and since no recovery is possible as a matter of law, summary judgment in favor of the defendants was properly entered.

■ Additionally, summary judgment was properly granted on the negligence issue since it is undisputed that the Channahon Fire Protection District was aware of the holes in the floor. Assistant fire chief Boggs, the first commanding officer at the scene, was told that the building was under demolition and warned about the holes in the floor. It then became the duty of the Channahon fire department to impart the knowledge of the dangerous condition to each of its employees, including the plaintiff. The defendants owed the plaintiff no duty to protect him from the negligence of his employer. *Bakovich v. Peoples Gas Light & Coke Co.* (1963), 45 Ill. App. 2d 182.

■ ■ The plaintiff's second theory of negligence is grounded on the doctrine of *res ipsa loquitur*. Whether the doctrine applies to a particular case is a question of law which must be decided by the trial court. It will not apply unless a duty of care is owed to the plaintiff. (*Spidle v. Steward* (1980), 79 Ill. 2d 1.) Furthermore, the doctrine is not a separate theory of liability. Rather, it is a type of circumstantial evidence which permits the trier of fact to infer negligence when the precise cause of injury is not known by the plaintiff. There is no need for an inference of negligence under the doctrine where there is direct evidence to the precise cause of injury and the facts and circumstances surrounding the injury. (*Cox v. Yellow Cab Co.* (1973), 16 Ill. App. 3d 664, 306 N.E.2d 738, *aff'd* (1975), 61 Ill. 2d 416, 337 N.E.2d 15.) The trial court properly determined that the doctrine of *res ipsa loquitur* is inapplicable to the present case.

■ We have determined that there was no duty on the part of the defendants to warn the plaintiff of the open and obvious holes in the floor. Where there is no duty, the doctrine does not apply. Secondly, there is no need for an inference of negligence under the facts of this case. The precise cause of injury, and the facts and circumstances surrounding that injury, were made clear through pleadings, motions, and depositions. The plaintiff's *res ipsa* counts did not rest upon an inference arising from surrounding circum-

stances. Instead, the complaint alleged that the injury was the result of an unguarded hole in the floor. In his deposition, the plaintiff admitted that he was looking up and from side to side, but not at the floor, when he fell into the hole. Two firemen present at the time of the injury testified in their respective depositions that they saw the plaintiff walk toward the hole, realized that he did not see it, and observed him fall into it. They did not have the opportunity to warn him because it happened so quickly. The motions and supporting memoranda establish the parties' agreement that the plaintiff, while performing his duties as a fireman, fell into a large hole created by the demolition process at Mobil. Since the precise cause of the injury and the facts and circumstances surrounding that injury are apparent to all parties, this is not a *res ipsa* case.

Plaintiff's third theory of recovery is based on the Structural Work Act, which provides in relevant part:

> "[A]ll scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." Ill. Rev. Stat. 1985, ch. 48, par. 60.

The basis of the allegation is that the third floor itself was a scaffold used in the removal of the vessels and reactors and that there was no proper protection to the life and limb of the plaintiff who was engaged thereon in his duties as a fireman. We do not agree that the floor was a scaffold under these circumstances. In *Carlson v. Moline Board of Education* (1984), 124 Ill. App. 3d 967, 464 N.E.2d 1239, we held that under some circumstances a floor can be a scaffold, but only if it is used in lieu of a scaffold on a temporary basis, but when a floor is used as a floor, it is not a scaffold within the statutory definition. In the instant case, the plaintiff stated that he was walking across the floor investigating the area surrounding the extinguished fire. He was using the floor as a floor is commonly used, for walking across. Thus, the floor was not, as a matter of law, a scaffold, and summary judgment was properly entered.

Even assuming *arguendo* that the floor was a scaffold within the statutory definition, plaintiff is precluded from recovering under the

Structural Work Act because he was not involved in one of the structural activities specified by the statute at the time of the injury. (*Long v. City of New Boston* (1982), 91 Ill. 2d 456.) The structural activities specified in the act are the erection, alteration, repair, removal or painting of any structure. (See Ill. Rev. Stat. 1985, ch. 48, par. 60.) In *Long*, a civic volunteer fell from a ladder which was propped up against a utility pole while stringing Christmas lights. The supreme court held that the civic volunteer would not be covered by the Structural Work Act because he was not engaged in one of the structural activities specified in the Act when the injury occurred. Similarly, the plaintiff in the present case was not engaged in one of the structural activities outlined by the statute when he fell into the hole. Rather, the plaintiff was at the scene performing his duties as a fire fighter and thus is not covered by the Act. This holding is consistent with the first district's decision in *Grant v. Zale Construction Co.* (1982), 109 Ill. App. 3d 545, 440 N.E.2d 1043. Basing its decision on *Long*, the *Grant* court held that a fireman summoned to a construction site to rescue a trapped construction worker is not protected by the Structural Work Act, since a fireman performing his duties is not engaged in the "construction process."

The final issue raised on appeal is whether the trial court properly granted summary judgment in favor of the defendants on the punitive-damages claim. In his claim for punitive damages, the plaintiff realleges each element of the negligence counts and adds an allegation of wilful and wanton conduct. The trial court correctly found that because the defendants were entitled to summary judgment on the underlying negligence claim, they were also entitled to summary judgment on the punitive-damages claim. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.