STEVE C. RODGERS, Plaintiff-Appellant, v. REED WITHERS, Defendant-Appellee.

First District (5th Division)   No. 1—90—2216

Opinion filed April 20, 1992.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Mary C. O'Connor, and Imelda Terrazino, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Steven C. Rodgers sued defendant Reed Withers for negligence because of an injury plaintiff received to his eye while he was operating his motorcycle. Plaintiff contends on appeal that: (1) the trial court erred in failing to direct a verdict in his favor on the issue of liability; (2) the trial court erred in failing to direct a verdict that he was free of contributory negligence that proximately contributed to his injury; (3) the jury's verdict was against the manifest weight of the evidence; (4) the trial court abused its discretion in denying plaintiff the right to file an amended complaint sounding in *res ipsa loquitur*; and (5) the jury was improperly instructed.

On October 2, 1983, at approximately 6 p.m., plaintiff's 10-year-old son told him that there were some teenagers out in front starting trouble. Plaintiff got on his motorcycle and proceeded east on 56th street to circle the block. Plaintiff spotted the four teenagers near his home, and he circled the block three times. Each time plaintiff drove northbound on South Sacramento Avenue, a one-way street going north in a residential area, he saw defendant standing in the street in close proximity to his car.

Defendant had recently arrived home from a weekend fishing trip and was unloading his van, which was parked on the east side of Sacramento across the street from defendant's house. Defendant's car was parked on the west side of the street, in front of his house and across the street from the van. While defendant unloaded the van, putting some of his things in the trunk and back passenger side of his car, defendant's three children, between ages 4 and 11, were playing outside his house. The children asked defendant where the fish were that he had caught. Defendant raised his left arm and gestured with his left hand that the fish were in the van across the street. At this moment, plaintiff circled the block for a third time and defendant, while standing next to the passenger side of his automobile, struck the motorcycle's windshield and plaintiff's right eye with his left arm and hand. The jury found defendant not liable for plaintiff's injury, and plaintiff appeals.

Plaintiff first contends that the trial court erred when it denied plaintiff's motion for a directed verdict on the issue of liability. A verdict is to be directed only in those cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) To prove negligence, it must be shown that the defendant failed to exercise that standard of care which a reasonably prudent person would have exercised under the circumstances. (*Long v. Illinois Power Co.* (1989), 187 Ill. App. 3d 614, 543 N.E.2d 525.) Whether certain conduct constitutes negligence is a matter best left to the jury. (*Roeseke v. Pryor* (1987), 152 Ill. App. 3d 771, 504 N.E.2d 927.) A directed verdict is to be granted only in those cases where the facts are undisputed and are such that there could be no difference in the judgment of reasonable men as to the inferences to be drawn from the facts. *Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 479 N.E.2d 976.

■ Here, we agree with the trial court that the reasonableness of defendant's arm gesture was a question of fact for the jury. The mere happening of an accident does not raise an inference of negligence. (*Roeseke*, 152 Ill. App. 3d 771, 504 N.E.2d 927.) According to defendant, plaintiff seemed to have control of his motorcycle and because plaintiff did not pass in close proximity to the car on the two previous occasions, defendant had no reason to believe plaintiff would drive in close proximity to where defendant was standing on the third occasion. Furthermore, defendant claimed that he knew plaintiff was approaching on his motorcycle and pointed in order to prevent his chil-

dren from entering the street. Whether defendant acted reasonably under these circumstances is a determination best left to the jury, and we find that the evidence in this case is not such that a verdict for defendant could never stand.

■ Plaintiff next maintains that the trial court erred when it failed to direct a verdict that plaintiff was free of contributory negligence. In proving contributory negligence, an essential question is whether a party has failed to do that which a reasonably careful person would do or has done something which a reasonably careful person would not do. (*Mort v. Walter* (1983), 98 Ill. 2d 391, 457 N.E.2d 18.) The trial court in the instant case properly left it to the jury to determine whether plaintiff was distracted when he drove down the street and whether he drove too close to defendant's car. The evidence was not so overwhelming as to preclude the jury from finding that plaintiff failed to exercise due care.

■ In the alternative, plaintiff argues that he should be granted a new trial because the jury's verdict was against the manifest weight of the evidence. It is the function of the jury, and not the court, to determine the credibility of witnesses and the weight to be afforded their testimony. (*Midland Hotel Corp. v. The Reuben H. Donnelley Corp.* (1987), 118 Ill. 2d 306, 515 N.E.2d 61.) Since the trier of fact is in a better position to observe the witnesses, assess their credibility, weigh the evidence and resolve conflicts therein, the reviewing court will not set aside a jury verdict unless it is against the manifest weight of the evidence. (*Long v. Illinois Power Co.* (1989), 187 Ill. App. 3d 614, 543 N.E.2d 525.) A verdict is against the manifest weight of the evidence only if a contrary conclusion is clearly evident. *Harris v. Day* (1983), 115 Ill. App. 3d 762, 451 N.E.2d 262.

Defendant here stated that as he unloaded his car, he saw plaintiff pass two times on his motorcycle. Plaintiff did not pass in close proximity either time. Defendant's children then came running over to defendant asking to see the fish he had caught. Defendant heard plaintiff coming around the corner again and therefore told his kids to stay where they were. The children wanted to know where the fish were and defendant pointed to the van. It was at that moment that his hand came into contact with plaintiff's eye. Defendant argues that because he knew plaintiff was approaching and because plaintiff had passed twice before without being in close proximity, defendant felt he was acting reasonably in his attempt to keep his children from running into the street. From this testimony, the jury could have concluded that defendant did indeed act reasonably under the circum-

stances, and we find that the opposite conclusion is not clearly evident.

■ We next address plaintiff's contention that the trial court erred when it refused to allow plaintiff to amend his complaint to include a *res ipsa loquiter* count. Whether the doctrine of *res ipsa loquiter* applies to a particular case is a question of law which must be decided by the trial court. (*Briones v. Mobil Oil Corp.* (1986), 150 Ill. App. 3d 41, 501 N.E.2d 821.) The doctrine involves a type of circumstantial evidence that permits a trier of fact to infer negligence when the precise cause of the injury is not known by the plaintiff and the direct proof is in the control of the defendant. (*Piquette v. Midtown Anesthesia Associates* (1989), 192 Ill. App. 3d 219, 548 N.E.2d 659.) In order to raise this inference, it must be shown that the accident would not have occurred but for defendant's negligence. (*Deming v. Montgomery* (1989), 180 Ill. App. 3d 527, 536 N.E.2d 150.) There is no need for an inference of negligence under the doctrine where there is direct evidence as to the precise cause of the injury and the facts and circumstances surrounding the injury. *Briones v. Mobil Oil Corp.* (1986), 150 Ill. App. 3d 41, 45, 501 N.E.2d 821, 824.

Based on the circumstances here, there is simply no need to rely on an inference of negligence since the cause of plaintiff's injury was provable by direct evidence. Both plaintiff and defendant had access to direct eyewitness testimony regarding the facts surrounding the injury. Moreover, this case does not involve an event that ordinarily would not have occurred but for defendant's negligence. In fact, as previously discussed in this opinion, there is evidence that plaintiff's own negligence may have caused the injury to his eye.

■ Plaintiff next contends that the trial court erred in giving or failing to give the jury various instructions. Plaintiff first objects to the issues instruction in that it included defendant's affirmative defense of contributory negligence. We find this contention meritless since an instruction which omits reference to a defendant's affirmative defense is reversible error. (*Walton v. Greenberg Mercantile Corp.* (1953), 1 Ill. App. 2d 99, 116 N.E.2d 197.) The trial court must instruct the jury on all issues raised by the pleadings that have some supporting evidence in the record. (*Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 432 N.E.2d 1267.) Accordingly, it was proper to instruct the jury on contributory negligence since defendant's answer raised the issue of contributory negligence and there is evidence in the record supporting this theory.

■ Plaintiff next maintains that the trial court should not have given the jury an instruction regarding plaintiff's duty to sound his

horn. Defendant initially tendered but was refused the following instruction:

> "[E]very driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway."

The language in this instruction varied only slightly from that of motor vehicle statute on the driver's duty to exercise due care. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—1003.1.) While the trial court refused the instruction because of the language regarding any child or incapacitated person, the court stated that it would consider a more appropriate instruction. Defendant then tendered the following instruction which was given to the jury:

> "There was in force in the State of Illinois at the time of the occurrence a certain statute which provided that:
>
> 'Every driver of a vehicle shall give warning by sounding the horn when necessary.' "

Although the tendered instruction did not mirror that of the statute, we find no error. If a part of a statute is not applicable to the facts in the case, it is proper to delete that part of the statute (*Nagelmiller v. Seibel* (1964), 47 Ill. App. 2d 39, 197 N.E.2d 457), and based on the facts before the court, it was proper to delete any reference to children or the incapacitated.

Moreover, while plaintiff relies on *Maddox v. Smith* (1966), 67 Ill. App. 2d 374, 214 N.E.2d 5, to support his argument that the sounding of the horn instruction should not have been given, such reliance is misplaced since there, the court held that the trial court erred in failing to give the jury an instruction as to the statutory duty to sound one's horn. However, the court found that the failure to give the instruction was not prejudicial because another instruction did contain some reference to the use of the horn.

While plaintiff argues that there was no factual basis to impose a duty upon plaintiff to sound his horn, we disagree. Defendant argued that plaintiff was contributorily negligent by failing to sound his horn and plaintiff admitted that he did not sound his horn. Accordingly, it was for the jury to determine whether plaintiff was contributorily negligent in failing to sound his horn.

■ Plaintiff next maintains that the trial court erred when it failed to instruct the jury on the open-door section of the Vehicle Code that provides:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided:

'No person shall open the door of a vehicle on the side available to moving traffic unless and until it is reasonably safe to do so and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side of a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers.' "

We find no error in the trial court's refusal to tender the open-door instruction since the fact that defendant's door was open has no bearing on plaintiff's injury. According to plaintiff, his injury was caused when defendant swung his left arm into traffic and failed to keep a proper lookout. There is no evidence to reveal that the door itself or the opening of the car door had anything to do with defendant's alleged negligence.

■ Plaintiff's final argument is that the trial court erred when it refused to tender to the jury plaintiff's tendered instructions on driving on the right side of the roadway. These instructions both stated:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided:

'Drive on the right side of the roadway—exceptions Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

Upon a roadway restricted to one-way traffic.' "

The trial court properly refused to tender this instruction in light of the fact that defendant never argued that plaintiff drove on the wrong side of the street, but only that plaintiff drove too close to defendant under the circumstances.

Accordingly, for the reasons set forth above, the judgment of the trial court is affirmed.

Judgment affirmed.

LORENZ and MURRAY, JJ., concur.