No. 1-23-1465

2025 IL App (1st) 231465-U

No. 1-23-1465

Order filed September 19, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MARIANNE L. DEPOWSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, |
| | ) | Law Division |
| v. | ) | |
| | ) | No. 2018L3414 |
| SUBURBAN SURGICAL CARE SPECIALISTS, | ) | |
| S.C., and JONATHAN W. WALLACE, M.D., | ) | Honorable |
| | ) | Elizabeth M. Budzinski, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's judgment entered on a jury verdict in favor of the defendants is affirmed where the circuit court did not abuse its discretion in excluding irrelevant expert testimony and did not err in striking *res ipsa loquitur* claims where the doctrine did not apply.

¶ 2    Following a jury trial and defense verdict in this medical malpractice case, plaintiff Marianne Depowski appeals contending that a series of trial court rulings require a new trial. The case arises from a claim of negligence alleging that defendant Dr. Jonathan Wallace failed to remove a small plastic tube during a procedure to remove a gastric band. Specifically, plaintiff raises the following issues: (1) Did the circuit court err in striking plaintiff's *res ipsa loquitur*

1

counts because retention of a foreign body in a patient has been characterized as a "never event"? (2) Did the circuit court abuse its discretion in barring expert testimony based on an untimely disclosure where it did not apply the factors for determining whether to exclude testimony as a sanction for violating discovery rules? (3) Did the circuit court abuse its discretion in barring plaintiff's expert from offering an opinion as to whether defendant doctor knew or should have known about an FDA recall where plaintiff timely disclosed it? Because we conclude that plaintiff's contentions of error are either unsupported in law or without a basis in the record, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In 2008, plaintiff Marianne Depowski went to defendants Suburban Surgical Care and Jonathan Wallace, M.D., for help losing weight. After a consultation, defendant doctor installed a gastric band device around plaintiff's stomach. There were no issues with the surgery to install the device, and plaintiff was happy with the results.

¶ 5      In 2010, the Food and Drug Administration required the device's manufacturer to issue a recall because a portion of tubing could detach from the device and migrate inside the patient's body. The recall notice issued to consignees of the device so they could avoid installing any additional devices. The recall did not require previously installed devices to be removed, and the FDA did not require all doctors who had installed a recalled device to be notified. Defendant doctor was not a consignee and maintained at trial he had not otherwise been informed of the recall.

¶ 6      In 2015, the device inside plaintiff began to erode, causing an infection and considerable pain. This type of erosion was a known issue that occurred with a small number of gastric bands and was not related to the recall or the 2008 surgery. Plaintiff returned to defendant doctor to have

the device removed. He performed the extraction with the assistance of a physician's assistant and a scrub nurse.

¶ 7       By the time of the extraction surgery, while most of the device remained intact, the defect had caused the tubing to separate from the rest of the device. Tissue buildup on the device obscured that the tubing had detached. Therefore, although defendant doctor intended to remove the complete device, the tubing remained in plaintiff's abdomen. Over the next year, plaintiff's pain continued. In 2017, a surgeon at another hospital determined that the cause of the pain was the tube that had been left behind and performed surgery to remove it.

¶ 8       Plaintiff filed a complaint against defendants alleging both specific negligence and negligence under a theory of *res ipsa loquitur*. At trial, defendants did not contest plaintiff's account of what happened during the 2015 surgery, instead focusing on whether the standard of care was violated and the proximate cause of plaintiff's injuries. Both plaintiff and defendants offered expert witnesses, Dr. Emma Patterson and Dr. Sidney Rohrscheib, respectively. The circuit court excluded Dr. Patterson's testimony about how she learned of the FDA recall, struck the *res ipsa loquitur* counts, and instructed the jury only on negligence. The jury returned a general verdict for defendants. Plaintiff filed a motion for a new trial that the circuit court denied. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 9                                    II. ANALYSIS

¶ 10                    A. Exclusion of Expert Testimony on "Never Events"

¶ 11     Plaintiff asserts that the circuit court improperly barred expert testimony from plaintiff's expert, Dr. Emma Patterson, because the circuit court did not apply the relevant factors in deciding whether to bar the testimony as untimely under Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2018). *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110 (2004) (outlining the factors courts must

consider "[i]n determining whether the exclusion of a witness is a proper sanction for nondisclosure"). Defendants argue the circuit court never barred any testimony from Dr. Patterson that "never events" did not ordinarily occur in the absence of negligence because plaintiff never offered it. We review the exclusion of a witness due to improper disclosure under Rule 213 for an abuse of discretion. *Id.* at 109.

¶ 12    Plaintiff claims to have sought to offer expert testimony from Dr. Patterson that what occurred here constituted a "never event" to support the application of the *res ipsa loquitur* doctrine. Defendants moved *in limine* to bar testimony as to *res ipsa loquitur* and "never events." The doctrine "allow[s] proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant." *Metz v. Central Illinois Electric & Gas Co.*, 32 Ill. 2d 446, 449 (1965). To avail herself of *res ipsa loquitur*, a plaintiff "must plead and prove that [she] was injured (1) in an occurrence that ordinarily does not happen in the absence of negligence (the probability element) (2) by an agency or instrumentality within the defendant's exclusive control (the control element)." *Johnson v. Armstrong*, 2022 IL 127942, ¶ 35.

¶ 13    Here, the probability element turned on testimony by Dr. Patterson as to "never events" that plaintiff argues was improperly barred. A "never event" is a "serious reportable event" as classified by the National Quality Forum, such as operating on the wrong patient. Plaintiff argues Dr. Patterson's opinion as to "never events" was disclosed in a letter sent to defendants after the discovery deadline informing defendants that Dr. Patterson agreed with general statements from defendants' expert as to "never events."

¶ 14    In its order denying plaintiff's posttrial motion, the circuit court made clear that it "struck the *res ipsa loquitur* counts because Plaintiff did not disclose that her expert would testify that this

alleged malpractice, 'ordinarily would not occur in the absence of negligence' and Plaintiff's expert never so testified in her deposition." The circuit court underscored that "no such evidence was presented." Even in the untimely disclosures, plaintiff never disclosed an opinion that "never events" did not ordinarily occur in the absence of negligence. At most, plaintiff stated in her letter that Dr. Patterson agreed with defendants' expert's statement that no reasonably careful surgeon would "do any of the things listed in the never events."

¶ 15    Ultimately, plaintiff does not cite to any actual testimony on the record demonstrating that Dr. Patterson in fact *held* the opinion that "never events" ordinarily do not occur in the absence of negligence—she did not give that opinion at her discovery deposition, nor did plaintiff elicit the opinion during the offer of proof at trial. *Snelson v. Kamm*, 204 Ill. 2d 1, 23 (2003) ("When a motion *in limine* is granted, the key to saving for review an error in the exclusion of evidence is an adequate offer of proof in the trial court."). The same is true of Dr. Patterson's purported opinion that what occurred during this surgery constituted a "never event." There is no barred testimony to which we could apply the *Sullivan* factors, which require analysis of both the possibility of prejudice stemming from the testimony to be offered and the nature of the testimony itself. *Sullivan*, 209 Ill. 2d at 110. The circuit court did not improperly bar plaintiff from presenting evidence she never attempted to present.

¶ 16         B. Applicability of *Res Ipsa Loquitur* and Failure to Instruct the Jury

¶ 17    Plaintiff next argues that, even if the circuit court correctly barred the "never event" testimony, it erred in striking the *res ipsa loquitur* counts and refusing to instruct the jury on the same because expert testimony was not necessary to establish that the doctrine applied. Defendant argues that the *res ipsa loquitur* doctrine does not apply on these facts and alternatively contends that expert testimony was necessary where retention resulted from a faulty device.

¶ 18    Defendant successfully moved *in limine* to bar testimony related to *res ipsa loquitur* and to strike the corresponding counts. Whether *res ipsa loquitur* applies is a question of law. *Raleigh*, 403 Ill. App. 3d at 868. Where a motion *in limine* presents a purely legal question, we review the decision to grant or deny the motion *de novo*. See *Forest Preserve District v. First National Bank*, 401 Ill. App. 3d 966, 976 (2010), *aff'd*, 2011 IL 110759.

¶ 19    A plaintiff does not deprive herself of the right to rely on *res ipsa loquitur* by introducing evidence of specific negligence "where such specific evidence does not conclusively establish the cause of the injury." *Kolakowski v. Voris*, 83 Ill. 2d 388, 397 (1980). However, "if the specific and actual force which initiated the motion or set the instrumentality in operation [is] known unequivocally, leaving no reason for inference that some other unknown negligent act or force was responsible," *res ipsa loquitur* does not apply. See *Heastie v. Roberts*, 226 Ill. 2d 515, 539 (2007); see *Rodgers v. Withers*, 229 Ill. App. 3d 246, 251 (1992) (explaining that there was "simply no need to rely on an inference of negligence since the cause of plaintiff's injury was provable by direct evidence"). Here, the cause of plaintiff's injuries was clear: her injuries stemmed from the piece of the band that remained in her body after surgery. The parties agree that the cause of plaintiff's injuries was the retained part of the band, that defendant doctor implanted the band, and that defendant doctor later failed to remove the part of the band that had detached from the rest of the device. There was no other "unknown negligent act or force." *Heastie*, 226 Ill. 2d at 539.

¶ 20    Plaintiff argues that, in referring to the "cause" of the injury, the courts in *Kolakowski*, 83 Ill. 2d at 397, and *Heastie*, 226 Ill. 2d. at 539, intended to refer to "proximate cause" rather than the instrumentality of injury as defendants contend. But both courts relied on *Collgood, Inc. v. Sands Drug Co.*, and the court in *Collgood* clearly intended to refer to the instrumentality. 5 Ill. App. 3d 910, 916 (1972) ("We believe that unless the plaintiff had unequivocally proved the

instrumentality, he ought not be deprived of the right to plead and present evidence of res ipsa loquitur."). The direct evidence in this case was conclusive on the issue of the instrumentality that caused plaintiff's injury, and *res ipsa loquitur* did not apply.

¶ 21                        C. Expert Opinion and Testimony as to Knowledge

¶ 22    Plaintiff asserts the circuit court improperly barred Dr. Patterson's opinion on whether defendant doctor knew or should have known about the recall as well as her testimony about how she learned of the recall. Defendants contend that plaintiff never asked Dr. Patterson whether defendant doctor knew or should have known about the recall such that she could be barred. We review evidentiary rulings as to relevance for an abuse of discretion. *Bachman v. General Motors Corp.*, 332 Ill. App. 3d 760, 797-98 (2002).

¶ 23    "Circumstantial evidence is proof of facts and circumstances from which the trier of fact may infer other connected facts which reasonably and usually follow according to common experience." *People v. Stokes*, 95 Ill. App. 3d 62, 68 (1981). This alternative to direct evidence is not unlimited. "Although there is no rule against basing an inference upon another inference, at some point, the probative value of such inferences becomes so weak that they should not be permitted." *Leavitt v. Farwell Tower Ltd.*, 252 Ill. App. 3d 260, 268 (1993). "[A] fact may not be inferred from evidence" when another inconsistent fact could be "inferred with equal certainty from the same evidence." *Yedor v. Centre Properties, Inc.*, 173 Ill. App. 3d 132, 143 (1988).

¶ 24    The circuit court did not abuse its discretion in excluding these items where their probative value was so weak as to render them irrelevant. Plaintiff attempted to present testimony from Dr. Patterson about how she learned of the recall, including that she received a recall notice from the manufacturer and was informed of the recall by the manufacturer's representative. Defendant doctor, Dr. Patterson, and defendants' expert Dr. Rohrscheib all took a class from the manufacturer

7

on how to properly install the device. However, Dr. Rohrscheib was also a consignee because he personally purchased the device, while defendant doctor was not. Dr. Patterson had also taught classes for the manufacturer, while defendant doctor had not. The circuit court noted that even if Dr. Patterson and Dr. Rohrscheib had received letters from the manufacturer, that would not necessarily mean defendant doctor had as well because they had different relationships to the manufacturer. The circuit court therefore asked for a foundation for Dr. Patterson's testimony, namely that the manufacturer had attempted to send a message to defendant doctor or doctors who were similarly situated. Plaintiff did not provide that foundation. Without more, the jury could only speculate on whether every doctor who had taken the class was sent notice or just consignees and instructors.

¶ 25    Similarly, though plaintiff attacks the circuit court's ruling that testimony by Dr. Patterson as to statements by her representative were hearsay, that testimony would be inadmissible regardless based on its irrelevance. To be relevant, the evidence must make a fact of consequence more or less likely. *People v. Kraybill*, 2014 IL App (1st) 120232, ¶ 42. The fact that Dr. Patterson's representative told her about the recall does not support an inference that defendant doctor's representative told him. And even if Dr. Patterson's testimony as to notification from her representative had been erroneously barred, such exclusion was harmless where defendants' expert Dr. Rohrscheib testified on cross examination that he had been notified of the recall by a manufacturer's representative. *Aguinaga v. City of Chicago*, 243 Ill. App. 3d 552, 573 (1993) ("The exclusion of evidence is harmless where the evidence excluded was fully established by other evidence ***.").

¶ 26    Finally, plaintiff contends that Dr. Patterson was improperly barred from offering her opinion that defendant doctor "knew or should have known" about the recall. The circuit court did

not bar this testimony. Plaintiff never asked Dr. Patterson at trial if she believed defendant doctor knew or should have known about the recall. If plaintiff believed this opinion was itself improperly barred, it could have been presented during the offer of proof. *Kim v. Mercedes-Benz, U.S.A., Inc.*, 353 Ill. App. 3d 444, 451 (2004) ("The purpose of an offer of proof is to *** enable a reviewing court to determine whether the exclusion of the evidence was proper.") Plaintiff did not do so. What was barred, and what plaintiff cites to as proof in her brief, was the circumstantial evidence that supported Dr. Patterson's opinion. However, as discussed above, the circuit court did not abuse its discretion by excluding that evidence. Having determined that the circuit court did not err or abuse its discretion in its rulings, we need not address whether cumulative error occurred. See *Sikora v. Parikh*, 2018 IL App (1st) 172473, ¶ 73 ("[W]here the errors together deprive a party of a fair trial such that the verdict might have been affected, a new trial is warranted.").

¶ 27                                    III. CONCLUSION

¶ 28    The judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.