(No. 46552

NELLIE COX, Appellee, v. YELLOW CAB COMPANY, Appellant.

*Opinion filed Sept. 26, 1975.—Rehearing denied Nov. 21, 1975.*

SCHAEFER, J., took no part.

Jacobs, Williams & Montgomery, Ltd., and Jesmer & Harris, both of Chicago (Julius Jesmer, Wyatt Jacobs, Robert D. Jesmer, and Charles E. Tannen, of counsel), for appellant.

Joseph A. Rosin, of Chicago, for appellee.

Norman J. Barry, of Chicago, for *amicus curiae* Chicago Transit Authority.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In this personal injury action brought by plaintiff, Nellie Cox, to recover· damages for injuries she suffered while a passenger in a taxicab owned and operated by defendant, Yellow Cab Company, a jury in the circuit court of Cook County returned a verdict in favor of defendant. The Appellate Court for the First District reversed and remanded for a new trial (16 Ill. App. 3d 665), and we granted leave to appeal.

Defendant's attorney refused to produce in response to discovery requests made before and during trial a statement in his possession made by the taxicab driver, Abe Freeman, who was defendant's chief witness but had not been joined as a co-defendant. The trial court refused to order production of the statement, agreeing with defendant's contention that the statement was protected from disclosure by the attorney-client privilege. The appellate court ruled, however, that no privilege attached to the statement and held that the trial court's failure to order its production resulted in prejudicial error because the statement might have proved useful to plaintiff's attorney in impeaching or testing the credibility of

Freeman, defendant's only occurrence witness, during cross-examination.

Considerable confusion exists as to the nature and purpose of Freeman's statement. Defendant argued in the trial court that the statement was taken for transmittal to its insurance company, but argued in the appellate court that the statement was a confidential report required by statute to be submitted to the Illinois Division of Highways. Freeman testified that upon his arrival with plaintiff at the hospital, he called the safety man of the Yellow Cab Company, who immediately came to the hospital and took written statements from plaintiff and her cousin, Mary Giles, another passenger in the cab; these two statements were provided to plaintiff in pretrial discovery. Whether the safety man took a written statement from Freeman or whether Freeman simply related orally the events surrounding the accident is not clear. The stronger implication of Freeman's testimony is that the two men just had a conversation since Freeman makes no mention of a written statement being taken. He was then directed by the safety man to return to the company garage to obtain some forms that had to be completed. After picking up these forms, Freeman returned home, completed them with the assistance of his wife and returned them to the cab company, although it is unclear exactly who at the cab company gave him the forms or to whom he returned them. Attached to the defendant's appellate court brief is an unauthenticated copy of a partially completed form bearing Freeman's name and said by defendant to be the statement withheld in the trial court and the only statement of Freeman possessed by its attorney. It is Form SR—1, Report of Motor Vehicle Accident, which must be completed and returned to the Division of Highways by the driver or owner of any vehicle involved in an accident resulting in more than $100 property damage or in death or bodily injury (Ill. Rev. Stat. 1963, ch. 95½, par. 138), but the record does not

reveal whether defendant ever forwarded the original or a copy of the form signed by Freeman to the Division of Highways, or whether, in fact, that was the intended purpose. The one fact which does seem clear is that the insurance company attorney representing defendant in this action had in his possession either the original or a copy of the form Freeman had returned to the cab company.

The information provided by Freeman on the form included only the following: (1) the location, date and time of the accident; (2) Freeman's name, address, sex, date of birth and driver's license number; (3) the name and address of defendant; (4) the model, year and license number of the cab; (5) plaintiff's name and address as the only person injured and a very brief description of her injuries; and (6) the fact that the accident involved only one vehicle and no property damage. To all appearances the portion of Form SR—1 providing for a description of the accident was not completed by Freeman.

Since the minimal information actually provided on the form was not disputed at trial, it could be argued that its value during cross-examination of Freeman would be so limited that any error committed by the trial court in refusing to order its production was harmless. In our judgment, however, the appellate court was correct in holding that plaintiff's counsel might have been able to make effective use of the statement during cross-examination precisely because Freeman had failed to provide a description of the accident as required by the form; his credibility was crucial to the defendant's case, and the form might have proved helpful in attacking that credibility. Consequently, if the form was discoverable, failure to produce it was prejudicial error necessitating a new trial, and we must consider whether disclosure was protected by the attorney-client privilege.

"[O]ne who claims to be exempt by reason of privilege from the general rule which compels all persons to disclose the truth has the burden of showing the facts

which give rise to the privilege. 'His mere assertion that the matter is confidential and privileged will not suffice.' " (*Krupp v. Chicago Transit Authority* (1956), 8 Ill.2d 37, 42.) There are many factors relevant to a determination whether a statement given by a corporate employee is entitled to the protection of the attorney-client privilege. (See, *e.g.;* the discussion by the California Supreme Court in *D. I. Chadbourne, Inc. v. Superior Court* (1964), 60 Cal. 2d 723, 388 P.2d 700, 36 Cal. Rptr. 468.) Among those factors are the purpose for which the statement was required, the understanding by its maker as to that purpose, the extent to which its confidentiality was maintained after it was made and in the course of its transmission to counsel, and others. This record simply contains no facts from which any conclusions can be drawn regarding the existence of the privilege. Freeman's testimony revealed only that he was ordered to pick up the forms by defendant's safety supervisor; it reveals nothing as to the purpose of the form, and defendant presented no other witnesses to explain that purpose. The fact that the unauthenticated copy attached to defendant's appellate court brief was Form SR—1, a confidential report required by law, does not establish that the form was in fact utilized to comply with the law. Likewise, the fact that the form eventually found its way into the files of the insurance company attorney representing defendant does not establish that defendant required its employees to complete the form for that purpose. Defendant may also have required completion of the form for internal purposes, such as safety or disciplinary action, and no privilege would attach under those circumstances. We accordingly hold in the absence of proof of facts from which existence of the privilege can be ascertained, that production of the form should have been required. The trial court's failure to do so requires that plaintiff be granted a new trial.

Since what we have said disposes of the issue in this

case, we express no opinion as to the correctness of the appellate court's conclusion that Freeman's statement, even if made for transmittal to defendant's insurer, would not have been privileged.

One other issue is presented for determination. At the close of plaintiff's case, the trial judge allowed a motion by defendant to strike count II of plaintiff's complaint, which was based on the doctrine of *res ipsa loquitur*. That doctrine raises a rebuttable presumption of negligence "When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care." (*Metz v. Central Illinois Electric and Gas Co.* (1965), 32 Ill.2d 446, 448-49.) Plaintiff's own witness, Mary Giles, a passenger in the front seat of the cab, testified that the accident was precipitated by the sudden stop of the car just ahead of the cab, thereby leaving no doubt that one of the instrumentalities which caused plaintiff's injury was not under the control or management of defendant. Consequently, *res ipsa loquitur* was unavailable to plaintiff and the trial court properly dismissed count II of her complaint.

. Accordingly, the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.