RONALD STEPHEN HANSELL, Plaintiff-Appellant, *v.* THE DEPART-
MENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

Fourth District No. 4—82—0671

Opinion filed April 6, 1983.—Rehearing denied May 4, 1983.

Ronald Stephen Hansell, of Indianapolis, Indiana, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Kathleen M. Lien, Assistant Attorney General, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On July 17, 1980, plaintiff, Ronald Stephen Hansell, applied to defendant, Illinois Department of Registration and Education, pursuant to section 9(1) of the Illinois Professional Engineering Act (Ill. Rev. Stat. 1979, ch. 111, par. 5112(1)). He was seeking to be registered as a professional engineer without having to take and pass a written examination. On November 12, 1980, after examining the credentials presented by plaintiff, the defendant, acting through its examining committee provided for by section 5 of the Act (Ill. Rev. Stat. 1979, ch. 111, par. 5107), denied plaintiff's request. The committee then reconsidered plaintiff's request and again denied it, serving notice of its decision on plaintiff by a letter dated June 23, 1981.

On July 16, 1981, plaintiff filed a complaint for review under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) in the circuit court of Sangamon County. On September 14, 1982, that court affirmed the decision of the Department. Plaintiff has appealed. Throughout the proceedings he has appeared *pro se*. We affirm.

After the complaint for administrative review was filed in the circuit court and without remandment from that court to the Department, the latter proceeded to hold a formal hearing. Plaintiff appeared at that hearing and presented testimony. He now claims that the transcript of that hearing is improperly before this court. We need not decide whether there is merit to plaintiff's contention. The documents before the examining committee of the Department prior to the filing of the case in the circuit court are ample to set forth the essence of the dispute between the parties and to support the Department's decision.

Plaintiff's claim of a right to be registered without examination is based on subsections (1) and (2) of section 9 of the Illinois Professional Engineering Act, which state:

"(1) A person holding an unexpired certificate of registration to practice engineering, issued by the proper authority of a state, territory or possession of the United States, the District of Columbia or any foreign country, which is based on qualifications comparable to those of this State may, upon application, be registered without further examination; or

(2) A graduate of an approved engineering curriculum of at least 4 years who submits evidence of an additional 4 years or more of experience in engineering work of a grade and character which indicates that he may be competent to practice engineering, shall be admitted to a nominal 8 hour written examination in the fundamentals of engineering, and a nominal 8 hour written examination in the principles and practice of engineering. Upon passing both examinations, the applicant shall be granted a certificate of registration to practice professional engineering in this State, if he is otherwise qualified \*\*\*." Ill. Rev. Stat. 1981, ch. 111, par. 5112(1), (2).

Plaintiff maintained that he was entitled to be registered without sitting for examination because of his registration in Ohio on February 25, 1976, Indiana on April 29, 1976, and Kentucky on March 30, 1978. The only State in which he sat for an examination was Ohio. His other two registrations were based upon his passage of the Ohio examination and registration in that State. Accordingly, if the Ohio

requirements were not "comparable" to those of Illinois, the requirements of Indiana and Kentucky would not be comparable unless there was some requirement in those States which raised the totality of the requirements for those States to the requirements for Illinois as set forth in section 9(2) of the Act. No such requirements have been called to our attention.

The question of whether Ohio's qualifications for registration are comparable to those in Illinois depends upon interpretation of the first portion of section 9(2) which states:

"A graduate of an approved engineering curriculum of at least 4 years who submits evidence of an *additional* 4 years or more of experience in engineering work of a grade and character which indicates that he may be competent to practice engineering ***." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 111, par. 5112(2).)

The Department contends, and we agree, that the section intends that the four years' experience required must be obtained *after* the applicant receives a college degree. The use of the word "additional" gives some indication that the experience must be obtained after the degree has been obtained. Moreover, until the applicant obtains the degree, he would not be likely to be in a position to do "engineering work of a grade and character which indicates that he may be competent to practice engineering." Ill. Rev. Stat. 1979, ch. 111, par. 5112(2).

■ Section 9(2) clearly requires that the stated four years of experience be acquired before sitting for the examination.

■ The evidence showed that plaintiff worked from sometime in February 1970 until sometime in September 1970 as an engineering assistant for the State of Indiana prior to obtaining his baccalaureate degree. After obtaining his degree in 1972 he had, at the most, 43 months of engineering experience required by Illinois when he took the Ohio examination. As he would have had to have 48 months of this experience before taking the Illinois examination, the determination by the Department that the Ohio requirements were not comparable to those in Illinois was not contrary to the manifest weight of the evidence.

The Department calls our attention to the following: (1) Section 9(1) states that an applicant who has been registered in another State with comparable requirements to those of this State "*may*" (emphasis added) be "registered without further examination"; (2) section 9(1) is not reciprocal legislation providing for registration for those who have registered in another State if that State grants the same rights to those registering in Illinois, and (3) the requirement that an applicant

wishing to register sit for an examination is not an onerous requirement. Accordingly, the Department maintains that registration by persons in plaintiff's position is a matter of grace and not of right. (See *Bloom v. Missouri Board for Architects, Professional Engineers & Land Surveyors* (Mo. App. 1971), 474 S.W.2d 861, 865.) As we have decided plaintiff does not qualify under section 9(1), we need not decide whether registration without examination by a qualified applicant is a matter of choice or one of right. We do recognize that our decision is a somewhat technical one. However, because of the lack of reciprocity involved, and because the requirement that plaintiff sit for the Illinois examination is not an undue burden, we see no reason to make a liberal interpretation of section 9(1).

Plaintiff maintains the circuit court failed to comply with section 12(3) of the then Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 275(3)), now section 3—111(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(c)), which states:

> "On motion of either party, the trial court shall make findings of fact or state the propositions of law upon which its judgment is based."

Plaintiff requested the trial court make such findings of fact and state such propositions of law. The circuit court's final order from which the appeal was taken stated:

> "The Court finds that the decision of Defendant is not contrary to law nor the manifest weight of the evidence. Plaintiff by participating in the hearing of September 10, 1981 may not now object to the transcript being part of this record. The Defendant Board has discretionary powers and did not abuse them. Complaint for Administrative Review denied. Cause stricken."

The above provision has not often been interpreted by courts of review. No court of review has reversed a circuit court for failure to comply. The circuit court found the administrative decision not to be contrary to the manifest weight of the evidence and stated the propositions of law upon which its judgment was based. No error occurred. See *Norris v. Commission on Human Relations* (1975), 26 Ill. App. 3d 528, 325 N.E.2d 818.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.