PHYLLIS M. HOWARD, Plaintiff-Appellee, v. ROBERT D. FORBES, Indiv. and as Supervisor of Normal Township, *et al.*, Defendants-Appellees (The Department of Employment Security, Appellant).

Fourth District No. 4—88—0549

Opinion filed June 8, 1989.—Modified on denial of rehearing July 26, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jennifer A. Keller, Assistant Attorney General, of Chicago, of counsel), for appellant.

James R. Carter and Cathy A. Stephens, both of Hafele, Thiemann & Associates, of Peoria, for appellee Phyllis Howard.

JUSTICE KNECHT delivered the opinion of the court:

On October 27, 1988, the plaintiff filed a wrongful discharge action against her former employer, Normal Township, its supervisor, Robert D. Forbes, and its trustees, Wallis Norris, Robert L. Rhine-

hart, Ronald L. Pacha, and Cushman Skinner. As part of discovery in the action, the plaintiff served the Department of Employment Security (Department) with a subpoena *duces tecum* for production of her unemployment insurance benefit claim records on December 7, 1987. The Department resisted the subpoena *duces tecum* on the basis the requested records constituted confidential information privileged from production under the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 640). The plaintiff then filed a motion to order production of the records on January 4, 1988. After hearing on March 11, 1988, the McLean County circuit court ordered the Department to produce the requested records as the plaintiff had waived the statutory privilege with the subpoena *duces tecum* for her unemployment insurance benefit claim records in litigation regarding discharge from employment. On June 28, 1988, pursuant to a stipulation agreement for the purpose of appeal, the circuit court entered a citation of contempt against the Department with a concomitant stay over its enforcement. The Department now appeals from the order of production and the citation of contempt.

The sole issue presented on appeal is whether the statutory privilege of confidentiality of information under the Act (Ill. Rev. Stat. 1987, ch. 48, par. 640) is waived when a claimant subpoenas her unemployment insurance benefit claim records in litigation regarding discharge from employment. We affirm.

■■ Initially, we note a citation of contempt is an appropriate method for testing the propriety of an order of production at discovery. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 189, 226 N.E.2d 6, 12.) This testing method protects a party claiming privilege from production based on confidential information. (*Illinois Educational Labor Relations Board v. Homer Community Consolidated School District No. 208* (1987), 160 Ill. App. 3d 730, 741, 514 N.E.2d 465, 472.) The protection afforded to such a party is not absolute. Absent an impropriety in the underlying order of production at discovery, the appellate court will not reverse a citation of contempt. *Bauter v. Reding* (1979), 68 Ill. App. 3d 171, 174, 385 N.E.2d 886, 889.

Resolution of the issue presented on appeal depends on interpretation of the statutory privilege of confidentiality of information under the Act (Ill. Rev. Stat. 1987, ch. 48, par. 640). The Act provides in pertinent part:

> "Disclosure of information—Privileged communications. Except as is hereinafter provided in this Section, information obtained from any individual or employing unit pursuant to the adminis-

tration of this Act shall be confidential and shall not be published or be open to public inspection, nor be used in any court in any action or proceeding pending therein, nor be admissible in evidence in any action or proceeding other than one arising out of the provisions of this Act. An individual or his duly authorized agent may be supplied with information from such records to the extent necessary for the proper presentation of his claim for benefits or with his then existing or prospective rights to benefits \*\*\*. Any officer or employee of the State who, except with authority of the Director pursuant to this Section, shall disclose the same shall be guilty of a Class B misdemeanor; and shall thereafter be disqualified from holding any appointment or employment with the State.

\* \* \*

All letters, reports, communications, or any other matters, either oral or written, from an employer or his workers to each other, or to the Director or any of his agents, representatives, or employees, which shall have been written or made in connection with the requirements and administration of this Act or the regulations thereunder, shall be absolutely privileged and shall not be made the subject matter or basis for any suit for slander or libel in any court of this State, unless the same be false in fact and malicious in intent." Ill. Rev. Stat. 1987, ch. 48, par. 640.

■ The tenets of statutory interpretation are well settled. The primary tenet is to ascertain and to effectuate the intent of the legislature as expressed in the statute. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) In determining such intent, the statute is to be considered in its entirety. (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569, 576.) Where the statute is clear and unambiguous, a court must enforce the statute as enacted without resorting to other interpretation tenets. *Logston*, 103 Ill. 2d at 277, 469 N.E.2d at 171.

■ The purpose of the Act is "to provide compensation benefits to [the unemployed] in order to alleviate their economic distress that was occasioned by involuntary unemployment." (*Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1099, 477 N.E.2d 1351, 1355; see Ill. Rev. Stat. 1987, ch. 48, par. 300.) Given such a purpose, the Act is remedial legislation. As remedial legislation, the Act must be liberally interpreted for the benefit of the unemployed. *Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 263, 53 N.E.2d 944, 947.

■ The courts of Illinois have had occasion to interpret the statu-

tory privilege of confidentiality of information under the Act in only three cases: *Smith v. Illinois Valley Ice Cream Co.* (1959), 20 Ill. App. 2d 312, 156 N.E.2d 361, *People v. Ellis* (1984), 128 Ill. App. 3d 180, 470 N.E.2d 524, and *McMahon v. Richard Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 481 N.E.2d 787. These cases are instructive as to the fact the statutory privilege of confidentiality of information under the Act has been deemed to be clear and unambiguous. Accordingly, the court must enforce the statutory privilege as enacted without resorting to other interpretation tenets. *Logston*, 103 Ill. 2d at 277, 469 N.E.2d at 171.

■■ "The creation of a statutory privilege is a legislative balancing between relationships on the one hand, which society thinks should be fostered through the shield of confidentiality, and the interests, on the other, served by disclosure of the information in a court of law." (*In re Westland* (1976), 48 Ill. App. 3d 172, 176-77, 362 N.E.2d 1153, 1156.) It would seem logical that such a privilege should be invoked only by a party with a direct, legitimate, and personal interest in preserving the confidentiality of the requested information. (See M. Graham, Cleary & Graham's Handbook of Illinois Evidence §501, at 199-200 (4th ed. 1984).) Given this premise, and the express purpose of the Act, the legislature must have intended the statutory privilege of confidentiality of information to benefit the claimant. Any other interpretation would elevate form over substance.

■■ Nonetheless, the Department contends such an interpretation will compromise the open exchange of information in the unemployment insurance system. We find this contention to be without merit. The subpoena *duces tecum* of the plaintiff is limited in its scope. The plaintiff requests only copies of the filings of the parties and the transcripts of the proceedings. We also note the defendants do not appear to object to disclosure of the requested records. Given the limited scope of the information sought and the lack of objection on the part of the defendants, the contention of the Department must fail.

The orders of the McLean County circuit court are affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.

### Modified On Denial Of Rehearing

■■ The circuit court's judgment should be vacated insofar as it held the Department of Employment Security in contempt of court.

The parties stipulated the contempt order was a formal one since the motivation for the refusal to comply with the subpoena *duces tecum* was solely to permit appellate review of the question presented. Accordingly, the technical finding of contempt and the $50 fine entered upon that judgment are vacated. In all other regards, the judgment of the circuit court is affirmed.

Affirmed in part; vacated in part.

McCULLOUGH, P.J., and SPITZ, J., concur.