JONATHAN P. ARNOLD, Plaintiff-Appellee, v. MARIA THURSTON *et al.*, Defendants (The Department of Transportation *et al.*, Appellants).

First District (3rd Division)   No. 1—91—1557

Opinion filed December 30, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellants.

McBride, Baker & Coles, of Chicago (Robert W. Queeney and Thomas R. Stilp, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Appellants, Illinois Department of Transportation (IDOT), and Nancy Zaczek, assistant chief counsel for IDOT, appeal from an order compelling them to comply with the subpoena *duces tecum* of plaintiff, Jonathan P. Arnold, and finding them in contempt of court for failure to comply. Appellants argue that they failed to comply with the subpoena because they had a statutory duty to maintain the confidentiality of accident reports in their possession. We reverse.

On May 17, 1989, plaintiff issued a subpoena *duces tecum* to IDOT for:

> "Any and all information including the IDOT Report No. 3657317 relating to an accident involving Jonathan P. Arnold and Maria Thurston on August 14, 1986 at the intersection of Sacramento Blvd. and Polk Street in Chicago."

The subpoena was issued in plaintiff's lawsuit against defendants, Maria Thurston and the City of Chicago.

Plaintiff filed a motion to compel based on IDOT's statement that the documents would not be produced because they were allegedly confidential pursuant to the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95½, pars. 11—408, 11—412).

Plaintiff filed a motion to compel production of these documents. Plaintiff argued the following. He desired the report for impeachment purposes. Thurston testified in her deposition that she came to a complete stop before entering the intersection even though there was no stop sign. She also testified that after the accident she retained counsel to sue the City of Chicago. Her "past actions to sue" were inconsistent with the testimony that she stopped. She also testified that she made an accident investigation report while hospitalized.

The trial court ordered that IDOT comply with the subpoena, including documents and reports that may be claimed as confidential or privileged. IDOT moved to vacate the order to produce. The motion was denied.

Plaintiff moved for entry of an order for a rule to show cause based on IDOT's failure to produce the documents. The motion was granted. Upon IDOT's refusal to comply with the production order, IDOT's counsel was found in contempt of court. IDOT was ordered to pay $20 a day until it complied with the production order. The order was stayed pending compliance or appeal.

IDOT and its counsel, Zaczek, appealed from the production order, the order denying the motion to vacate, and the contempt order.

■ Appellants argue that the trial court erred because IDOT had a statutory duty to maintain the confidentiality of the accident reports in its possession. Appellants refer to section 11—412 of the Illinois Vehicle Code, which provides:

> "All required written motor vehicle accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department and the Secretary of State and, in the case of second division vehicles operated under certificate of convenience and necessity issued by the Illinois Commerce Commission, of the

Commission, except that the Administrator or the Secretary of State or the Commission may disclose the identity of a person involved in a motor vehicle accident when such identity is not otherwise known or when such person denies his presence at such motor vehicle accident and the Department shall disclose the identity of the insurance carrier, if any, upon demand. The Department may furnish copies of its written accident reports to federal and State agencies that are engaged in highway safety research and studies. Reports furnished to any agency other than the Secretary of State or the Illinois Commerce Commission may be used only for statistical or analytical purposes and shall be held confidential by that agency. No such written report shall be used as evidence in any trial, civil or criminal, arising out of a motor vehicle accident, except that the Administrator shall furnish upon demand of any person who has, or claims to have, made such a written report, or upon demand of any court, a certificate showing that a specified written accident report has or has not been made to the Administrator solely to prove a compliance or a failure to comply with the requirement that such a written report be made to the Administrator.

The Department of Transportation at its discretion may provide for in-depth investigations of accidents involving Department employees. A written report describing the preventability of such an accident may be prepared to enhance the safety of Department employees. Such reports and any opinions expressed in the review of the accident as to the preventability of the accident shall be for the privileged use of the Department and held confidential and shall not be obtainable or used in any civil or criminal proceeding." Ill. Rev. Stat. 1991, ch. 95½, par. 11—412.

Appellants also argue the following. The Code also provides that a driver of a vehicle involved in an accident resulting in injury or death or in which damage exceeds $500 shall forward a written report of the accident to IDOT. (Ill. Rev. Stat. 1991, ch. 95½, par. 11—406.) Section 11—412, quoted above, provides that these reports shall be without prejudice to the reporting individual and will be for the confidential use of IDOT and the Secretary of State. The report cannot be used as evidence in any trial arising out of a motor vehicle accident.

Appellants further argue the following. The legislature intended that accident reports not be used for any purpose. Use of the accident report for impeachment purposes is inconsistent with the legislative

mandate that the reports are to be without prejudice to the reporting individual. The statute provides for only one occasion (the furnishing of a certificate showing that the report had or had not been made) when IDOT was to comply with a court order to produce information. Even in that instance, the report remains confidential.

Plaintiff responds as follows. The statute does not preclude discovery of the report. IDOT had the burden of showing that it was exempt from the discovery rules. The statute distinguishes between reports that cannot be used as evidence and reports that are not obtainable.

The parties discuss *Cox v. Yellow Cab Co.* (1973), 16 Ill. App. 3d 665, 306 N.E.2d 738. In *Cox*, plaintiff in a personal injury action appealed from the trial court's refusal to direct defendant taxicab company to produce the written statement made by the driver of a taxicab. Defendant argued that the statement was the driver's report to the Department of Public Works and Buildings of the State of Illinois (apparently the predecessor of IDOT) as required by section 11—406 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—406) and that the confidential report could not be used as evidence in any trial arising out of an accident (Ill. Rev. Stat. 1971, ch. 95½, par. 11—412). The court noted that it did not know if the statement was a report to the insurance carrier or to the Department. (*Cox*, 16 Ill. App. 3d at 669.) But the court held that the statement bore upon the driver's credibility, was relevant to plaintiff's case, and plaintiff was entitled to see the statement. *Cox*, 16 Ill. App. 3d at 669.

The Illinois Supreme Court affirmed in an opinion that noted that the record did not reveal whether defendant ever forwarded the statement to the Illinois Division of Highways. (*Cox v. Yellow Cab Co.* (1975), 61 Ill. 2d 416, 420, 337 N.E.2d 15.) The court held that production of the statement should have been required in the absence of facts proving the existence of any privilege. *Cox*, 61 Ill. 2d at 420.

Unlike *Cox*, in the present case there is no question whether the accident report was filed with IDOT. The issue, then, is whether production was prohibited by the statute.

Section 11—412 provides that the required accident report is confidential and cannot be used as evidence. There are two limited exceptions to the confidentiality provision for the cases of disclosing the identity of a person involved in a motor vehicle accident and disclosing the identity of any insurance carrier. In contrast, IDOT reports are stated to be privileged and not obtainable. Although the provision on the required accident report does not explicitly state that the docu-

ments either are not obtainable or are privileged, the intent appears to be that the documents are confidential and are not to be disclosed.

Even if the statute were not construed in this manner, Supreme Court Rule 201(b)(2) would apply to prevent the report's discovery because the statute provides that the report may not be used as evidence at a trial. The rule, which neither party discusses, provides that "[a]ll matters that are privileged against disclosure on the trial *** are privileged against disclosure through any discovery procedure." 134 Ill. 2d R. 201(b)(2).

The order compelling appellants to comply with the subpoena *duces tecum* is reversed on the basis that the accident report was not discoverable.

In addition, the contempt order is reversed. See *Howard v. Forbes* (1989), 185 Ill. App. 3d 148, 153, 541 N.E.2d 685 (a contempt judgment was vacated where the motivation for the refusal to comply with a subpoena *duces tecum* was solely to permit appellate review of the question presented).

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

RIZZI and TULLY, JJ., concur.