(No. 89-CC-2280–)

DEBORAH D. HARRIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 23, 1993.*
*Order filed December 9, 1994.*

CAROLYN B. SMOOT, for Claimant.

ROLAND W. BURRIS, Attorney General (WENDELL DEREK HAYES, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RATH, COMM.

Upon reconsideration of order to compel production, the issue now before the Commissioner had its origins in Claimant's motion to compel answers to Claimant's interrogatories.

After a teleconference call pursuant to the stipulation of the attorneys for the parties on Claimant's "Motion to Compel," this Commissioner ordered the parties through their counsel to submit authorities on the questions presented.

The narrow issue arises under section 11—412 of the Illinois Vehicle Code (625 ILCS 5/11—412, formerly Ill. Rev. Stat. (1991) 95½, 11—412.) That statute, a copy of which is attached hereto as Exhibit "A," pertains to the confidentiality of motor vehicle accident reports, and requires generally that the reports are treated as confidential. Claimant seeks production of reports containing allegations that lights malfunctioned at a particular intersection where

the Claimant had an accident, based on Claimant's claim of malfunctioning lights, so that, presumably, Claimant can obtain information that the State had notice that the lights at this particular intersection did not work or function properly, and that the State had notice of that fact.

Accordingly, Respondent submitted authorities by quoting portions of the statute and setting forth, inaccurately, an isolated quotation from a 1963 opinion of the Illinois Supreme Court in a criminal case. (*People v. Turner* (1963), 29 Ill. 2d 379, 194 N.E.2d 349, 352.) Correctly set forth, Respondent's "authority" was as follows:

"° ° ° It is settled that the trial court may, in proper cases, order the production of such reports, but it is equally well settled that the use of such documents is restricted to impeachment. (*People v. Wolff*, 19 Ill. 2d 318, 323, 167 N.E.2d 197.)"

The case from which the preceding quote was extracted dealt with a convict's claim of error on appeal, that the trial court should have ordered a police officer to produce a copy of the police officer's report for examination by defense counsel. The opinion reveals that the criminal prosecutor objected to production of the report on the ground that the report could be used for impeachment only, but that the convict's attorney had stated that he did not intend to impeach the officer. The prosecutor's objection to the production of the report was sustained by the trial court and affirmed on appeal by the Illinois Supreme Court. The supreme court held that since the convict's attorney had disclaimed any intent to impeach the witness, the trial court did not err in refusing to require the police to produce the report.

The case cited by the Illinois Supreme Court in the above quotation was a 1960 criminal case (*People v. Wolff* (1960), 19 Ill. 2d 318, 126 N.E.2d 197) which contained an exhaustive discussion of the state of the law in respect

to the right of the criminally accused to examine documents held by the prosecution. In the *Wolff* case, *supra,* the convict appealed a decision of the trial court which denied him the right to examine certain documents allegedly possessed by the prosecution. The Illinois Supreme Court held that the defendant was, indeed, prevented from any effort to lay a foundation pursuant to which he could demand the production of documents consisting of witness statements. The supreme court held that the trial court should have permitted defense counsel to lay a foundation for the production of documents, but further held that on the record as a whole, reversal of the judgment against the convict was not required.

The Commissioner is hard pressed to understand the applicability of any of the authorities originally submitted by Respondent to the issues presented in the case at bar.

Claimant's arguments and authorities filed January 27, 1992, contain no citation of authority whatsoever, other than quoted excerpts from statutory provisions combined with Claimant's "interpretation" of the statutory provisions as they may relate to the issues in the case at bar. Claimant argued that under section 11—412 the confidentiality provisions are to protect the individuals submitting the reports and not Respondent's Department of Transportation. Claimant pleads that Claimant must know the identity of persons submitting the reports in respect to malfunctioning lights, and that Respondent is shielding itself behind the statute not to protect the confidentiality of the person submitting the reports, but to escape Claimant's allegations of the State's liability to Claimant because of the malfunctioning traffic lights. Claimant submits no authority for the proposition that reports of malfunctioning lights at other times and on other

occasions constitutes admissible evidence tending to support the testimony of Claimant that the lights malfunctioned on the occasion of Claimant's injuries.

Thus, armed with the weighty authorities and arguments submitted by Respondent and Claimant, the Commissioner concluded that under the provisions of section 11—412, it did not appear to be a legislative purpose to protect Respondent against disclosure of facts and circumstances tending to show Respondent's prior notice of defective or malfunctioning traffic lights. The Commissioner directed the preparation of an order on the Commissioner's ruling and advised counsel that the Commissioner would hold the order in order to allow Respondent to voice any objections to the form of the order. The Commissioner received the proposed order from Claimant on November 4, 1992, and, there being no objection by Respondent's attorney, the order on motion to compel was entered 11-16-92 by the Commissioner requiring that Respondent permit discovery of pertinent reports and records pertaining to allegations of, or reports concerning the operation or malfunctioning of lights at the intersection involved in this case over a period of eight years prior to the date of the accident.

Approximately seven months later, Respondent filed a "Motion for Reconsideration of Order," complaining that Illinois Supreme Court Rule 201(b)(2) was applicable to this issue, and that the First District Appellate Court case of *Arnold v. Thurston*, handed down December 30, 1992, supports Respondent's argument that the reports in question are privileged against disclosure, citing no authority other than *Arnold v. Thurston* (1992), 240 Ill. App. 3d 570, 608 N.E.2d 418, 181 Ill. Dec. 345.

Claimant has responded to Respondent's motion for reconsideration by filing Claimant's "Memorandum of

Law in Support of Response to Motion for Reconsideration of Order." Once again, Claimant has not burdened the Commissioner with any citation of authority other than Claimant's interpretation of the case cited and relied upon by Respondent, *Arnold v. Thurston, supra.*

Since the decision in *Arnold v. Thurston* came down after the Commissioner's original order in this case, an examination of that opinion is in order. In *Arnold,* Justice Cerda identified the issue as being an appeal by the Illinois Department of Transportation and their chief counsel from a contempt order entered by a Chicago trial court against IDOT for refusal to comply with a production order.

The case apparently arose out of a traffic accident. The plaintiff had issued a subpoena to IDOT for a specific IDOT report relating to a specific accident involving the plaintiff and one of the defendants (Maria Thurston). IDOT refused to produce the report on the ground that they were confidential under sections 11—412 and 11—408 of the Illinois Vehicle Code. Upon hearing, the plaintiff argued that he desired the report for impeachment purposes and the trial court ordered IDOT to comply with the subpoena, including the documents and reports claimed by IDOT to be confidential or privileged.

Justice Cerda quoted section 11—412 of the Illinois Vehicle Code and recited IDOT's arguments that the reports could not be used as evidence in any trial arising out of the motor vehicle accident, and that the Legislature intended that the reports not be used for any purpose. Justice Cerda distinguished the case of *Cox v. Yellow Cab* (1973), 16 Ill. App. 3d 665, 306 N.E.2d 738 apparently on the basis of the fact that the report in the *Cox* case was not shown to have been forwarded to the Illinois Division of Highways (predecessor to IDOT), and that accordingly

the report should have been produced. Unlike the *Cox* case, *supra*, in *Arnold v. Thurston* there was no question that the accident report in question was filed with IDOT.

The court in *Arnold v. Thurston* concluded as follows:

"Section 11—412 provides that the required accident report is confidential and cannot be used as evidence. There are two limited exceptions to the confidentiality provision for the cases of disclosing the identity of a person involved in a motor vehicle accident and disclosing the identity of any insurance carrier. In contrast, IDOT reports are stated to be privileged and not obtainable. Although the provision on the required accident report does not explicitly state that the documents either are not obtainable or are privileged, the intent appears to be that the documents are confidential and are not to be disclosed.

"Even if the statute were not construed in this manner, Supreme Court Rule 201(b)(2) would apply to prevent the report's discovery because the statute provides that the report may not be used as evidence at a trial. The rule, which neither party discusses, provides that 'all matters that are privileged against disclosure on the trial ° ° ° are privileged against disclosure through any discovery procedure.' 134 Ill. 2d R 201(b)(2)." *Arnold v. Thurston*, 608 N.E.2d 418 at 420, 421.

Accordingly, the contempt order against IDOT and its counsel was reversed and the order of the trial court compelling IDOT to comply with the plaintiff's subpoena was reversed.

Unlike *Arnold v. Thurston, supra*, Claimant in the case at bar does not seek the reports in question for impeachment purposes; but instead, Claimant seeks the reports in Claimant's efforts to develop information to the effect that Respondent knew, or should have known, that the lights at the intersection in question in this case were previously malfunctioning.

At this point, it should be noted that in Respondent's original argument and authorities submitted during December of 1991, Respondent states as follows:

"It is the Respondent's position that pursuant to Illinois Revised Statutes and case law, turning over the reports is in breach on (*sic*) confidentiality of those documents, but would state further that the law does provide disclosure of the identity of the parties to the accidents."

It seems that Respondent retreats from the generosity expressed in the above quote in "Respondent's Motion for Reconsideration of Order" where Respondent argues, without, of course, any citation of authority as follows:

"° ° ° the names and addresses of parties alleging malfunction of the traffic light which counsel seeks is (*sic*) irrelevant and would not lead to the discovery of relevant evidence. The condition of the traffic light at other times does not establish that the alleged condition existed at the time of the act complained of in the case at bar."

Claimant does not seek the reports or the identities and locations of persons making the reports to necessarily prove that the lights malfunctioned on the occasion of Claimant's injuries; instead, it appears that Claimant seeks the reports and identities principally for proof of prior knowledge on the part of Respondent.

On the basis of *Arnold v. Thurston, supra,* and Respondent's admission that Claimant is entitled to disclosure of the identity of parties to accidents wherein reports of malfunctioning lights were made, it will be the order of the Commissioner on reconsideration that such motion should be allowed in part and denied in part. That is to say, that Respondent will not be compelled to turn over the reports, but will be compelled to provide plaintiff with the names and addresses of witnesses from such reports where such reports or documents contain information pertaining to a claim or report of any person that the lights at the intersection in question malfunctioned.

It is therefore ordered that the State of Illinois by and through the Attorney General's office be, and is hereby, compelled to provide to Claimant, within 21 days from the date hereof, the names and addresses of all witnesses to accidents or conditions at the intersection in question occurring within the period set forth in the Commissioner's order of 11-16-92, where such reports, statements or documents contain any information relating

to a malfunction of the traffic lights at the subject intersection.

## ORDER

JANN, J.

This cause comes before this Court on the parties' joint stipulation for settlement which states:

(1) This claim arose from a traffic accident that occurred on or about January 31, 1987, at Route 13 and Carterville Road in Williamson County, Illinois.

(2) The parties have investigated this claim, have knowledge of the facts and applicable law to the claim, and are desirous of settling this claim in the interest of peace and economy.

(3) Both parties agree that an award of $1,200 is both fair and reasonable.

(4) Claimant agrees to accept, and Respondent agrees to pay Claimant $1,200 in full and final satisfaction of this claim and any other claims against Respondent arising from the events which gave rise to this claim.

(5) The parties hereby agree to waive hearing, the taking of evidence, and the submission of briefs.

The Court is not bound by such an agreement, but it is also not desirous of creating or prolonging a controversy between parties who wish to settle and end their dispute. Where, as in the instant claim, the agreement appears to have been entered into with full knowledge of the facts and law, and is for a just and reasonable amount, this Court has no reason to question or deny the suggested award.

It is hereby ordered that the Claimant be awarded $1,200 in full and final satisfaction of this claim.